| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF CHARLESTON ) | CASE NUMBER 2007-CP-10-3\7 |
| ) | |
| MARK SNYDER, ) | |
| Plaintiffs, ) | SUMMONS |
| ) | BREACH OF CONTRACT |
| v. ) | BAD FAITH |
| ) | |
| STATE FARM MUTUAL AUTOMOBILE ) | |
| INSURANCE COMPANY, ) | |
| Defendant. ) | |

TO: THE ABOVE-NAMED DEFENDANTS:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action of which a copy is herewith served upon you, and to serve a copy of your Answer to said Complaint upon the subscriber at his office, 8086 Rivers Avenue, Suite A, North Charleston, SC 29406, within thirty (30) days after the service hereof, exclusive of the day of such service; and if you fail to answer the Complaint within the time aforesaid, the Plaintiff will apply to the Court for relief demanded in the Complaint.

/s/ Jarrel L. Wigger
Jarrel L. Wigger, Esquire
Attorney for the Plaintiff
8086 Rivers Avenue, Ste. A
North Charleston, S.C. 29406
(843) 553-9800

North Charleston, South Carolina
This 12 day of Jan, 2007.

EXHIBIT A

| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF CHARLESTON | ) | CASE NUMBER 2007-CP-10-_____ |
| | ) | |
| MARK SNYDER, | ) | |
| Plaintiffs, | ) | COMPLAINT |
| | ) | (Jury Trial Requested) |
| v. | ) | |
| | ) | |
| STATE FARM MUTUAL AUTOMOBILE | ) | |
| INSURANCE COMPANY, | ) | |
| Defendant. | ) | |

The Plaintiff complaining of the Defendant alleges as follows:

1. The Plaintiff, Mark Snyder, is a citizen and resident of Berkeley County, South Carolina.

2. The Defendant State Farm Mutual Automobile Insurance Company, upon information and belief, is now and at all times herein mentioned was a corporation doing business as an automobile insurance carrier under and by the virtue laws of the State of South Carolina.

3. The parties, subject matter and all things and matters hereinafter alleged are within the jurisdiction of this Honorable Court.

4. On or about July 17, 2002, the Plaintiff was traveling West on his bicycle on Battery Island Drive in Charleston County, South Carolina when he was struck by a vehicle, throwing him from his bicycle onto the roadside.

5. Prior to July 17, 2002, for valuable consideration, the Defendant State Farm Mutual Automobile Insurance Company issued two insurance policies which insured the Plaintiff to the extent shown in the policy for damages which the insured was legally entitled to recover from the owner or operator of an underinsured motor vehicle because of bodily injury caused by a wreck involving a third party vehicle. The Plaintiff faithfully made all payments required by Defendant State Farm over the years.

6. That while the aforesaid policy was in full force and effect, the Plaintiff sustained bodily injuries when he was struck by a vehicle while riding lawfully on his bicycle.

7. That Plaintiff brought a lawsuit for damages to recover from the underinsured owner and operator of the vehicle that struck the Plaintiff.

8. The Plaintiff is entitled to be treated fairly, reasonably, and in good faith by the Defendant, with Defendant doing nothing to wrongfully or negligently impair Plaintiff's rights under the aforesaid policies of insurance.

9. That in connection with the aforesaid loss and lawsuit, the Defendant acted without just cause, unreasonably and in bad faith, failed to fully investigate, evaluate and determine the loss in accordance with the policies of insurance refereed to, failed to make a timely proper offer to the Plaintiff, knowing that by doing so they would subject the Plaintiff to further damages.

10. At the time of the wreck, the Plaintiff was insured through the Defendant State Farm, policy numbers 23 7147-F22-40A, issued to Mark Snyder and 0237-146-40A, issued to Nicole Bufano.

11. Defendant State Farm policy number 23 7147-F22-40A did provide liability, uninsured, underinsured and collision coverage.

12. Defendant State Farm policy number 0237-146-40A did provide liability, uninsured, underinsured and collision coverage.

13. Defendant State Farm did provide liability coverage for their at fault insured.

14. The Plaintiff was an insured under the Defendant State Farm policies and thereby entitled to the underinsured benefits under policy number 23 7147-F22-40A and 0237-146-40A.

15. The Plaintiff made numerous demands for the policy limits and actually reduced his demand prior to the start of the trial and Defendants made no non-contingent offers of settlement for any portion of the underinsured limits of the policies.

16. On the dates of February 13, 2006 through February 17, 2006, the Plaintiff was forced to go through a trial to recover the underinsured insurance benefits he had already paid Defendant State Farm for.

17. Prior to trial, the Plaintiff was paid $75,000.00 by the applicable carriers earlier in priority. When the Plaintiff made a demand for policy limits, the Defendant refused to pay and left the Plaintiff with no option other than incurring the expense and going through a stressful trial to get the benefits he paid for.

18. On February 17, 2006 after a four-day trial, the jury returned a verdict in favor of the Plaintiff in the amount of $345,000.00.

## FOR A FIRST CAUSE OF ACTION
## NEGLIGENCE AND GROSS NEGLIGENCE

19. The Plaintiffs reiterate the allegations contained in the above paragraphs as if contained herein.

20. The Plaintiff, Mark Snyder, suffered severe and permanent injuries in the wreck on July 17, 2002 and also had extensive lost wages resulting from time missed due to his severe and permanent injuries.

21. The Plaintiff properly submitted a claim to Defendant State Farm for the benefits he was entitled to under the underinsured limits of the policies.

22. Defendant State Farm, its agents and employees, were negligent and grossly negligent in failing and refusing to pay those benefits to Plaintiff.

23. Defendant State Farm, its agents and employees, acted negligently and grossly

negligent as follows:

    a) In failing to acknowledge with reasonable promptness pertinent communications with respect to claims, arising under its policies, in violation of the Code of Laws of South Carolina, §38-59-20, as amended;

    b) In failing to adopt and implement reasonable standards for prompt settlement of claims arising under its policies, in violation of the Code of Laws of South Carolina, §38-59-20, as amended;

    c) In failing to attempt in good faith to effect prompt, fair and equitable settlement of claims submitted to it where coverage is available and Plaintiff is entitled to that coverage, in violation of South Carolina Code of Laws, §38-59-20, as amended;

    d) In compelling claimants to institute suits to recover amounts reasonably due or payable with respect to claims arising under its policies;

    e) In unreasonably delaying payment of claims arising under coverage's provided by its policies, in violation of South Carolina Code of Laws, §38-59-20, as amended; and

    f) In such other ways as may become evident during discovery.

24. As a proximate result of the negligence and gross negligence of the Defendant State Farm, Plaintiff is entitled to actual damages, attorney fees and the costs of this action.

## FOR A SECOND CAUSE OF ACTION
## BAD FAITH REFUSAL TO PAY BENEFITS

25. The Plaintiffs reiterate the allegations contained in the above paragraphs as if contained herein.

26. The Plaintiff, Mark Snyder, suffered severe and permanent injuries in the wreck on July 17, 2002 and also had extensive lost wages resulting from time missed due to his severe and permanent injuries.

27. The Plaintiff properly submitted a claim to Defendant State Farm for the benefits he was entitled to under the underinsured limits of the policies.

28. Defendant State Farm, its agents and employees, acting in bad faith, failed and refused to pay those benefits to Plaintiff.

29. Defendant State Farm, its agents and employees, acted negligently, grossly negligent and in bad faith as follows:

    a. In failing to acknowledge with reasonable promptness pertinent communications with respect to claims, arising under its policies, in violation of the Code of Laws of South Carolina, §38-59-20, as amended;

b. In failing to adopt and implement reasonable standards for prompt settlement of claims arising under its policies, in violation of the Code of Laws of South Carolina, §38-59-20, as amended;

   c. In failing to attempt in good faith to effect prompt, fair and equitable settlement of claims submitted to it where coverage is available and Plaintiff is entitled to that coverage, in violation of South Carolina Code of Laws, §38-59-20, as amended;

   d. In compelling claimants to institute suits to recover amounts reasonably due or payable with respect to claims arising under its policies;

   e. In unreasonably delaying payment of claims arising under coverage's provided by its policies, in violation of South Carolina Code of Laws, §38-59-20, as amended; and

   f. In such other ways as may become evident during discovery.

30. As a proximate result of the bad faith acts of the Defendant State Farm, Plaintiff is entitled to actual damages, attorney fees and the costs of this action.

## FOR A THIRD CAUSE OF ACTION
## UNFAIR TRADE PRACTICES

31. The Plaintiff reiterates the allegations contained in the above as if repeated herein.

32. The Defendants, in addition to acting in bad faith in refusing to pay underinsured benefits to Plaintiff, made misrepresentations in adjustment of Plaintiff's claim, in violation of The Insurance Trade Practices Act, South Carolina Code of Laws, §38-57-10, as amended.

33. As a proximate result of Defendant State Farm's statutory violation of the Insurance Trade Practices Act, Plaintiff is entitled to actual damages, treble damages, attorney fees and costs of litigation.

## FOR A FOURTH CAUSE OF ACTION
## BREACH OF CONTRACT

34. The Plaintiff reiterates the allegations contained in the above as if repeated herein.

35. Defendant State Farm, in failing to provide benefits to an insured under the terms of its' policies of insurance, have breached that insurance contract.

36. Such acts of misrepresentation constitute a breach of contract, all to Plaintiff's detriment.

37. As a proximate result of the Defendant State Farm's breach of contract, Plaintiff has been damaged and is entitled to actual damages, punitive damages, attorney fees and costs of this litigation.

## FOR A FIFTH CAUSE OF ACTION
## IMPROPER CLAIMS PRACTICES

38. The Plaintiff repeats and realleges each and every allegation as fully as if repeated herein verbatim.

39. In failing and refusing to pay Plaintiff's claim arising under coverages provided by Defendant's policies.

40. Due to the acts of the Defendant in refusing to pay legitimate claims, Defendant has violated the S.C. Code of Laws, 1976, as amended, Section 38-59-20, et seq., Improper Claims Practices.

## FOR A SIXTH CAUSE OF ACTION
## WAIVER AND ESTOPPEL

41. The Plaintiff repeats and realleges each and every allegation as fully as if repeated herein verbatim.

42. Defendant State Farm, due to their improperly investigating, evaluating, and processing the policies of insurance due and owing to the Plaintiff, have waived any right and defense to denying the claims.

43. Due to the above stated acts of Defendant State Farm, Plaintiff has suffered great monetary loss and emotional upset and distress.

44. Due to the above stated acts of Defendant State Farm, Plaintiff has been damaged in an amount to be determined, reformation of the contract of insurance, plus treble damages, prejudgment interest from the date of said claim, reasonable attorneys' fees and the costs of this action.

WHEREFORE, the Plaintiffs pray for judgment against Defendant State Farm in such an amount of actual damages, punitive damages, costs of litigation as may be determined by the trier of fact, and for any other relief as may be just and proper.

_____
Jarrel L. Wigger, Esquire
Attorney for the Plaintiff
8086 Rivers Avenue, Ste. A
N. Charleston, SC 29406
843-553-9800

Charleston, South Carolina
This _____ day of _____, 2007.